JUSTICE LEAPHART
dissenting.
¶33 I join in Justice Cotter’s dissent and write to further observe that, despite the Court’s protestation that it is saving Rule 41(e), M.R.Civ.P., from a meaningless existence, in fact it has rendered portions of the Rule meaningless. The Court notes that Rule 41(e) requires that a case “shall” be dismissed. The Court’s interpretation, however, ignores the rest of the sentence referenced. Put in its proper context, the mandatory “shall” reads as follows: “all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not...”
¶34 This language is significant in two respects. First of all, the dismissal is not self executing or automatic. Rather, there is only a dismissal upon motion of the Court or an interested party. Here there was no such motion. Secondly, the Court expresses reluctance to fault a defendant for not filing a motion for relief under Rule 41(e) when that party has not even been served with the complaint. It is clear, however, that the Rule does not consider service of the complaint upon a party as a prerequisite to the requirement that a party file a motion for relief. Rather, Rule 41(e) states that the motion to dismiss can be filed by any party interested therein, “whether named in the complaint as a party or not.” Obviously if the Rule invites motions from non-named (and thus not served) but nonetheless “interested” parties, the fact that a named party was not served with the complaint or did not learn of the complaint until after the three-year period is no reason to ignore the requirement that there must be a motion for relief.
¶35 I would answer the certified question in the negative.